UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.
3:07CV341-J

CHARLES D. PINKSTON, JR.                                                                PLAINTIFF

VS.

MICHAEL J. ASTRUE,
     Commissioner of Social Security                                                    DEFENDANT

MEMORANDUM OPINION

Before the Court is the complaint of Charles Pinkston ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be reversed, and this matter should be remanded for calculation and award of benefits.

PROCEDURAL HISTORY

On March 4, 2003, Claimant filed application for disability insurance benefits, alleging that he became disabled as of March 13, 2002. After two hearings, Administrative Law Judge Varo ("ALJ") determined that claimant's coronary artery disease with stenting, status post myocardial infarction, chronic low back pain, status post decompression L2-L4 with some numbness in the lower left extremity, and right upper extremity pain and weakness due to right rotator cuff injury were severe impairments that prevented him from returning to any of his past relevant work. However, the ALJ also found that plaintiff retained the residual functional capacity for a significant number of jobs. This became the final decision of the Defendant when the Appeals Council denied review on May 11, 2007.

1

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to evaluate the complaints of pain (in relation to residual functional capacity) in accordance with social security rulings.

Residual functional capacity (RFC) is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her RFC, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

While pain may support a claim of disability, the claimant's subjective assertions are not sufficient. 20 C.F.R. Sec. 404.1529(a), King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the

2

objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986).

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

SSR 96-7p provides instruction on credibility evaluation as follows:

In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider

the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;

2) The location, duration, frequency, and intensity of your pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

The ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

In the May 20, 2005 decision, the ALJ stated as follows regarding the plaintiff's credibility:

> Claimant was generally credible regarding the nature of his impairments, and generally consistent with the overall description of them as set forth in the MER [medical evidence of record]. The claimant was not credible that he would have been unable to perform full time work with the limits of the RFC [residual functional capacity] as of the AOD [alleged onset date] at which time he was 53.

Tr. 44. The ALJ made no attempt whatsoever to point to any specific evidence in support of his credibility assessment, and made no attempt to state any reasons for rejecting as not credible Mr. Pinkston's testimony regarding the extent of his pain, distraction and other limitations.

A second hearing was held. In his October 18, 2006 decision, following the second hearing, the ALJ repeated the two sentences from the original decision regarding credibility, then added the following:

> At the first hearing session, the claimant testified that his pain was routinely at a level of 5 on a scale of 1-10. The hearing on remand lasted just over one hour. The claimant did not evidence any discomfort at all during this period. He was fully alert and answered detailed questions .... Despite his lack of apparent pain at the hearing, the Administrative Law Judge has given the claimant the full benefit of the doubt and maintained in the residual functional capacity the Fair to Poor ability to maintain attention and concentration due to pain and medication side effects.

Tr. 24. Thus, other than relying on his own observation of the plaintiff at the hearing, the ALJ made no attempt to address any of the seven factors specifically set out in 20 C.F.R. § 404.1529 ( c), and made no attempt to " consider the entire case record and give specific reasons for the weight given to the individual's statements" as required by SSR 96-7p. This Court is certainly not suggesting that the law requires the ALJ to explicitly address every possible factor bearing on credibility in every case; however, a bare bones suggestion that the record was considered and the credibility determination was proper is not sufficient to comply with the requirements of the applicable law.

Thus, the Court is in full agreement with plaintiff that the ALJ erred in the conduct of the credibility evaluation. This leaves us with the difficult question of the appropriate remedy to address

the error. As a general rule of thumb, "pure" errors of law are addressed by remand, while "pure" failures of proof are addressed by reversal or affirmance (depending, of course, on whose failure it is). This case, however, certainly does not fall near one of those "pure" poles. The stage at which the resultant failure of proof occurred was step five of the sequential evaluation. At that stage the burden of production (though not the ultimate burden of persuasion) is on the Commissioner: If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. <u>Born v. Secretary</u>, 923 F.2d 1168 (6th Cir. 1990). In this case, the ALJ's faulty analyses resulted in the Commissioner's failing to come forward with evidence to show that Mr. Pinkston can still perform a significant number of jobs. We also note that the plaintiff filed his application five and a half years ago, and the matter has already been through two hearings without any meaningful change in the usefulness of the credibility evaluation. The Court concludes from all of these circumstances that remand for further proceedings would not respect the law's allocation of proof burdens, and would serve no useful purpose. The decision will be reversed.

      An order in conformity has this day entered.