UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.
3:07CV341-J

CHARLES D. PINKSTON, JR.                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
         Commissioner of Social Security                   DEFENDANT

MEMORANDUM AND ORDER

On September 23, 2008, this Court entered judgment in favor of plaintiff.  The matter is

presented to the Court on defendant's motion to alter or amend pursuant to Federal Rule of Civil

Procedure 59(e).  Plaintiff contends that defendant's motion is untimely in that it was not filed

within ten days of entry of judgment.  Defendant argues that when intervening weekends are

excluded, and three days are added because of notice of judgment arrived electronically, the motion

was timely.  The flaw in defendant's argument is that the additional three day period is inapplicable

in calculating the deadline for filing a motion to alter or amend.

Fed.R.Civ.P. 59(e) provides "A motion to alter or amend a judgment must be filed no later

than 10 days after the entry of the judgment."  Pursuant to Fed.R.Civ.P. 6(a), the day of entry of the

judgment (September 23) is excluded, as are intervening Saturdays and Sundays (September 27 and

28 as well as October 4 and 5).  This takes the deadline to October 7.  Fed.R.Civ.P. 6(d) provides

"When a party may or must act within a specified time after service and service is made under Rule

5(b)(2)©), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule

6(a)."  By defendant's calculation, this would extend the deadline to October 10, rendering the

October 8 filing timely.  If the motion to alter or amend were required to be filed within a certain

1

time after *notification* of judgment, defendant's calculation would be accurate.  However, Rule 59(e)

is quite clear in dating the ten days from *entry of judgment*, not from service.  In <u>FHC Equities,</u>

<u>L.L.C. v. MBL Life Assurance Corporation</u>, 188 F.3d 678, 682 (6th Cir. 1999), the court noted the

complete unanimity of authority holding that Fed.R.Civ.P. 6(e) is inapplicable to motions filed

pursuant to Fed.R.Civ.P. 59(e).  See also Moore's Federal Practice Sec. 6.05[3].

In order to be timely, the Rule 59 motion should have been filed no later than October 7.  The

motion in this case was not filed until October 8.  Furthermore, while Fed.R.Civ.P. 6(b) provides

that the court may, for good cause, extend time for performing acts that must be done within a

specified time, subsection (2) explicitly excludes Rule 59(e) from that authority.

As this Court is without authority to consider the defendant's motion to alter or amend,

IT IS ORDERED that defendant Commissioner's motion pursuant to Fed.R.Civ.P. 59(e)  is

dismissed as untimely filed.